In the Matter of the Petition of HUDSON RIVER TRUST COMPANY, HUDSON, N. Y., to Compel ISAAC C. GIFFORD, as Executor, etc., of ARTHUR GIFFORD, Deceased, to Account and Render and File an Account of His Proceedings as Such Executor and Mortgage, Lease or Sell the Real Property of the Decedent. HUDSON RIVER TRUST COMPANY, HUDSON, N. Y., Respondent; ISAAC C. GIFFORD, Individually and as Executor of ARTHUR GIFFORD, Deceased, and as Executor of GRACE C. GIFFORD, Deceased, and EDITH GIFFORD HAVENS and HELEN GIFFORD TALBOT, Appellants.— This proceeding was instituted for the purpose of enforcing the payment of two promissory notes made by Arthur Gifford in his lifetime to Hudson River Trust Company, Hudson, N. Y., as part of contributions made by the directors of the trust company to repair its capital structure. On April 1, 1931, the directors of the Hudson River Trust Company, including the decedent, Arthur Gifford, made, executed and delivered to the trust company their promissory notes, each in the sum of $3,000, without interest, subject to the terms of an agreement which was not made public, for the repayment of the amount in question to each of the directors in the event that the financial condition of the trust company should so improve as that in the opinion of the Banking Department it would no longer be necessary to hold the notes. A like contribution was made for the same purpose under date of September 16, 1931, under the same agreement. The original agreements were placed on file in the trust company. A copy of them was transmitted to the Superintendent of Banks but such agreements were never made public. The amounts so contributed were included among the assets of the trust company and were listed on the various statements which the trust company issued and on which the public relied in doing business with it. The financial condition of the trust company never improved. It was taken over for liquidation by the Superintendent of Banks on January 2, 1934. It was reorganized under the provisions of the Banking Law and was reopened on February 26, 1934. The trust company sold $400,000 capital notes to the Reconstruction Finance Corporation. The depositors deferred forty per cent of their claims against the trust company and received therefor certificates of beneficial interest as provided by section 61 of the Banking Law. These certificates in the amount of $884,674.13 are to be paid out of the earnings and before any payments are made to stockholders. They are subordinate to deposits which are subject to withdrawal in the reorganized trust company, to the $400,000 borrowed from the Reconstruction Finance Corporation, and to the claims of all other creditors of the trust company accruing after January 2, 1934, and payments may be made thereon only when authorized by the Superintendent of Banks. The amount of the liability on the certificates is accordingly not shown upon statements currently issued by the trust company. The liability to pay them, however, remains and is superior to the rights of the stockholders. Ten per centum had been paid on account of the certificates at the time of the trial and an additional ten per cent has since been paid. The appellants take the position that the notes in question are not supported by an adequate consideration. Decedent and the other contributors were directors and stockholders of the Hudson River Trust Company. The contributions were made to enable the trust company to continue in business. The directors listed these notes as part of the assets

of the trust company as shown by the published statements. Appellants are estopped from raising the issue of no consideration. (*Leary* v. *Capitol Trust Co.*, 238 App. Div. 661; aff'd., 263 N. Y. 640; *Union Bank* v. *Sullivan*, 214 id. 332; *Bay Parkway National Bank* v. *Shalom*, 270 id. 172.) Decree affirmed, with costs to the respondent against the appellants, but without prejudice to any right of recoupment after creditors are paid in full, should the appellants be so entitled in the future. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.